BY THE COURT.
The object of this bill is to let in the complainant to open up a settlement made between him and the defendant’s intestate, as to supplies furnished the army of the United States, upon a contract in which the parties were copartners and jointly interested. The settlement was of a long account of large expenditures upon the frontiers during the late war, and consisted of numerous items. The right to open this settlement and re-adjust the balance between the parties to it, dejDends upon the ability of the complainant to show mistake or fraud on the part of Piatt in bringing it about. Both fraud and mistake are charged in the bill, but each is fully denied in the answer. The proof taken in the cause, at most, only excites a slight suspicion that Piatt did not disclose to the complainant at the settlement, the expectations he had of obtaining from the treasury of the state an extree allowance on *210 the contract. When the settlement was made, the complainant assigned to Piatt all his interest in the account, including, of course, the claim upon the treasury. After the settlement, Piatt did obtain from the government an allowance of a considerable additional sum 207] *on the contract, which sum, as the assignee of the contract, he applied to his own use. The real object of this bill is to be let in to participate in that allowance. All the facts upon which Piatt’s expectations of extra allowance rested were as well known to the complainant as to him, at the time of the settlement and assignment. Both parties before that time had been urging the allowance. No distinct act of Piatt’s is proven which establishes a fraud, either by suppressing truth or by asserting falsehood, and the transaction, viewed as a whole, falls short of .establishing a fraud.
As to the mistake. No fact is proven, going to show that these parties settled by items, discussing them separately, or that any particular item or sum was not included, which ought to have been. The weight of the evidence, on the contrary, shows that the settlement was of the whole items in a lump. We admit that in such settlement it is difficult to show a mistake, but we are not allowed in cases of difficulty to dispense with all proof. Indeed the distinct claim seems to us, not that any mistake has found its way into the settlement, but that since the settlement the assignee of the claim has induced the government to allow an extra compensation for rations supplied under the contract, the claim for which was undetermined when the assignment was made, though then pending and known to both.
The bill is dismissed.